IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEVANG PATEL | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO. 20-3856 |
| ATTORNEY GENERAL WILLIAM P. | : |
| BARR, ET AL. | : |

**MEMORANDUM**

**SURRICK, J.**                                                                                     **NOVEMBER 24, 2020**

Defendants seek reconsideration of our August 13, 2020 Order, which denied their motion to dismiss this mandamus action and effectively stayed execution of Plaintiff Devang Patel's order of removal pending disposition of this case. (ECF No. 24.)[1] Defendants argue that recent Third Circuit precedent—*Tazu v. Attorney General of the United States*, 975 F.3d 292 (3d Cir. 2020)—requires reversal of our August 13 Order.

**I.     BACKGROUND**

The relevant facts of this case can be found in our August 13, 2020 Memorandum denying Defendants' motion to dismiss. *Patel v. Barr*, No. 20-3856, 2020 WL 4700636, at *1 (E.D. Pa. Aug. 13, 2020). Briefly and for purposes of disposing of this Motion, Patel, a native of India, filed a mandamus action requesting that we compel the Board of Immigration Appeals ("BIA") to rule on two motions that he filed in June 2020. The motions—a motion to reopen and a motion for reconsideration—relate to the BIA's denial of Patel's application for

---

[1] The Defendants in this matter are: William P. Barr, in his official capacity as Attorney General of the United States; James R. McHenry, in his official capacity as Director of the Executive Office for Immigration Review; David H. Wetmore, in his official capacity as Chairman of the BIA; and Chad Wolf, in his official capacity as Acting Secretary of the Department of Homeland Security. According to Patel, these officials are empowered to order the BIA to adjudicate his pending motions. (Compl. ¶¶ 8-11, ECF No. 1.)

cancellation of removal proceedings and protection under the Convention Against Torture ("CAT"). *Id*. In his motions before the BIA, Patel maintains that his attorney in the cancellation proceedings was ineffective in that he failed to adequately prepare himself and Patel for the merits hearing. (*Id*.)

On July 30, 2020, Patel was informed that he would be deported on August 10, 2020. Three days before his scheduled deportation, Patel filed a Complaint in this Court seeking an order compelling the BIA to decide his pending motions. He also filed an Emergency Motion for Temporary Restraining Order ("TRO") in which he sought a stay of his deportation pending the Court's determination of his claims. *Id*. Defendants filed a motion to dismiss the complaint, contending that the Court lacks jurisdiction over Patel's claims. After conducting a hearing on the TRO, we issued an Order temporarily staying removal proceedings pending a determination of whether we have jurisdiction to hear this matter. (ECF No. 10.)

On August 13, 2020, a Memorandum and Order were entered denying Defendant's motion to dismiss and staying execution of Patel's order of removal pending disposition of this matter. (ECF Nos. 13-14.) We concluded that 8 U.S.C. § 1252(a)(5), which delegates to the courts of appeals "the sole exclusive means for judicial review" of removal orders, did not apply here because Patel was not asking us to review his order of removal. *Patel*, 2020 WL 4700636, at *3 ("He is not asking this Court to review any decision by the IJ or BIA in this matter. Rather, Patel is asking the Court to compel the BIA to decide his pending motions and to stay the removal order until the BIA does so."). Similarly, we concluded that 8 U.S.C. § 1252(b)(9), which operates to consolidate the judicial review of orders of removal, does not apply here because Patel is not challenging his order of removal. *Id*. at *3-4. We also held that 8 U.S.C. § 1252(g) does not apply. *Id*. at *4. That section strips courts of jurisdiction to review

challenges to "decision[s] or action[s] by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." 8 U.S.C. § 1252(g). We concluded that because "Patel is not challenging a decision or action of the BIA" but is instead "challenging the BIA's failure or refusal to decide his motion," the section does not apply to dispossess us of jurisdiction. *Id*. at *5.

## II.     DISCUSSION

Defendants request that we reconsider our August 13 ruling based upon a Third Circuit decision that came down after our ruling. Specifically, Defendants claim that the case *Tazu v. Attorney General of the United States*, 975 F.3d 292 (3d Cir. 2020), requires dismissal of this case.

The purpose of a motion to reconsider is "to correct manifest errors of law or fact or present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A judgment may be altered or amended if the party seeking reconsideration can demonstrate one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id*. Defendants proceed under the first option and state that *Tazu* constitutes an intervening change in controlling law that demands reversal of our August 13 Order. *Tazu* is distinguishable and does not alter our conclusion that we have jurisdiction over this matter.

In *Tazu*, the Third Circuit concluded that the district court lacked jurisdiction over a habeas petition under 8 U.S.C. § 1252(g) because the petitioner, who challenged the timing of execution of his removal order, was in effect challenging the removal order itself. After his

3

motion to reopen was denied by the BIA, he filed a petition to review with the Second Circuit and obtained a stay of removal pending the Second Circuit's consideration. He simultaneously filed a petition for a writ of habeas corpus in the U.S. District Court for the District of New Jersey, arguing that his due process rights would be violated if he were to be removed prior to (1) an opportunity to exhaust his remedies in applying for a provisional waiver, and (2) the Second Circuit's disposition of his petition for review of the BIA's denial of his motion to reopen.

Defendants claim generally that because Patel similarly challenges the timing of his removal, his case must be dismissed pursuant to *Tazu*. Defendants' argument ignores a critical aspect of the Court's holding in *Tazu*: that because *Tazu* had a pending petition for review before the Second Circuit, he had a means to have his challenge heard. *Tazu*, 975 F.3d at 296 ("Though his challenge may be a fine one, it does not belong in this proceeding. He can raise it elsewhere and must do that in his petition for review before the Second Circuit."). The Court in *Tazu* recognized that with the two provisions relevant here—section § 1252(g) and § 1252(b)(9)—"Congress used complementary provisions to funnel removal-related claims away from district courts and into a petition for review in a single court of appeals." *Id*. In *Tazu*, not only did the petitioner have a pending petition for review where he could raise his claims, but he had already been granted a stay of removal. *Id*. at 295. Patel has neither. This fact was critical to our holding on August 13. While the BIA continues to delay ruling on his motions, Patel has no access to judicial review. 8 U.S.C. §§ 1252(a), (b). Moreover, unless and until Patel can file a petition for review with the Third Circuit, he cannot seek a stay of removal from the Third Circuit. *See* Standing Order Regarding Immigration Cases, Third Circuit Court of Appeals (Aug. 5, 2015), available at

https://www.ca3.uscourts.gov/sites/ca3/files/BIA%20Standing%20Order%20final.pdf.).

On this point, Defendants emphasize that Patel could have sought a petition for review to challenge his order of removal, but he chose not to do so. (See Defs.' Mot. 5 ("Patel never challenged his removal nor applied for a stay in the Third Circuit.").) However, Defendants' argument ignores the fact that Patel raised claims of ineffective assistance of counsel, which need to be raised before the BIA. Those claims cannot first be raised in a petition for review. *See Manasse v. Attorney Gen. of U.S.*, 195 F. App'x 103, 104-05 (3d Cir. 2006) (holding that the court lacked jurisdiction to review the petitioner's ineffective assistance of counsel claims because he did not raise the issue in a motion to reopen with the BIA); *Goonsuwan v. Ashcroft*, 252 F.3d 383, 389 (5th Cir. 2001) (concluding that the petitioner's "failure to raise his ineffective assistance of counsel claim before the BIA deprived the district court of jurisdiction to hear the issue").

The Third Circuit's Standing Order Regarding Immigration Cases reveals the Court's position that petitioners in immigration matters should not be deported before the Third Circuit has an opportunity to review the petition. The Standing Order and the Third Circuit's holding in *Tazu* assume that a petitioner in an immigration matter has been given some form of access to judicial review. Patel has not. Defendants know this. Curiously, despite this case being filed over three months ago and despite defense counsel's representations to this Court that the BIA has been contacted—repeatedly—about these outstanding motions, the BIA has still not issued its ruling. Defendants go to great lengths to accuse Patel of manipulating the system. Perhaps the same could be said of Defendants. So long as the BIA defers ruling on the Motions, Patel has no ability to file a petition for removal and seek a stay. An outcome that effectively forecloses any access to judicial review cannot be what Congress or the Court in *Tazu* intended.

*See E.O.H.C. v. Sec'y United States Dep't of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020) (stating that § 1252(b)(9) "does not strip jurisdiction when aliens seek relief that courts cannot meaningfully provide alongside review of a final order of removal").

### III.     CONCLUSION

Accordingly, Defendants' Motion for Reconsideration will be denied. An appropriate Order follows.

                                            **BY THE COURT:**

                                            ***/s/ R. Barclay Surrick***
                                            **R. BARCLAY SURRICK, J.**